UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No: 8:20-BK-07637 |
| | ) | Chapter 7 |
| FAITH ELYZABETH ANTONIO, | ) | |
| | ) | |
| Debtor. | ) | |
| ______________________________ | ) | |
| DGP PRODUCTS INC., D/B/A NUMERIC RACING, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No: 8:20-ap-00537-CPM |
| | ) | |
| FAITH ELYZABETH ANTONIO, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**DGP PRODUCTS INC. D/B/A NUMERIC RACING'S**
**NOTICE OF SERVICE OF SUBPOENAES TO PRODUCE DOCUMENTS**

DGP Products Inc. d/b/a Numeric Racing, pursuant to Fed. R. Bankr. P. 9016 and Federal Rule of Civil Procedure 45, hereby gives notice of service of the attached Subpoenaes to produce documents in an adversary proceeding directed to:

Bluehost, Inc.
GoDaddy.com LLC
IONOS Inc.

At the time, date, and place set forth in the respective subpoenaes, each entity will produce the documents, the electronically stored information, or the objects encompassed by the Schedule "A" attached to their respective subpoenaes.

Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**

**Certificate of Service**

I hereby certify that I am admitted to the bar of this Court. I further certify that the foregoing **DGP PRODUCTS INC. D/B/A NUMERIC RACING'S NOTICE OF SERVICE OF SUBPOENAES TO PRODUCE DOCUMENTS** was served by CM/ECF transmission this 18th day of December 2020, to the following:

Gino A. Megna
McGuire Law Offices
1173 N.E. Cleveland St.
Clearwater, FL 33755
**Attorney for Defendant**

Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **DGP PRODUCTS INC. D/B/A NUMERIC RACING**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida, Tampa Division

In re Faith Elyzabeth Antonio
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 8:20-BK-07637

DGP Products Inc., D/B/A Numeric Racing
Plaintiff
v.
Faith Elyzabeth Antonio
Defendant

Chapter 7

Adv. Proc. No. 8:20-ap-00537-CPM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Bluehost, Inc. ATTN: Legal Department, 1500 N Priest Drive, Suite 200, Tempe, AZ 85281**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See the attached Schedule "A".

| PLACE | DATE AND TIME |
|---|---|
| The Solomon Law Group, P.A.<br>1881 W Kennedy Blvd, Suite D, Tampa, FL 33606-1611 | January 15, 2021 at 9:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/16/20

CLERK OF COURT

OR

_______________________
*Signature of Clerk or Deputy Clerk*

Stanford R Solomon
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* DGP Products Inc, d/b/a Numeric Racing, who issues or requests this subpoena, are:
Stanford R. Solomon, Florida Bar No. 30214, 1881 W Kennedy Blvd, Suite D, Tampa, FL 33606-1611, ssolomon@solomonlaw.com, (813) 225-1818

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Schedule "A"**

## I. DOCUMENTS REQUESTED

This subpoena encompasses all web domains purchased from Bluehost and all websites hosted by Bluehost that were active at any time (or times) between **June 1, 2014 and the present** that were created by or associated with the any or all of the following company names, EINs, account holder or manager names, email addresses, or phone numbers:

| | |
|---|---|
| Company Names:<br>DGP Products, Inc.,<br>EIN # [redacted]<br><br>Numeric Racing,<br>EIN # [redacted]<br><br>Tampa Bachelor<br><br>Antonio Associates, LLC,<br>EIN # [redacted] | Phone Numbers:<br>[redacted]9033<br>[redacted]7765<br>[redacted]7182 |
| Account Holder or Manager Names:<br>Daniel Geberth<br>Faith Elyzabeth Antonio<br>Antonio Faith<br>Antonia Faith<br>Faith Lee<br>Elizabeth Martin<br>Elizabeth Lee | Email addresses:<br>faith@[redacted]<br>sales@[redacted]<br>admin@[redacted]<br>dan@[redacted]<br>numeric@[redacted]<br>numeric@[redacted]<br>sracing@[redacted]<br>sracing@[redacted]<br>faithantonio@[redacted]<br>faithantonio40@[redacted]<br>faitheantonio@[redacted]<br>becacw@[redacted] |

These accounts are herein collectively referred to as the "**Numeric Web Accounts**".

1. All documents reflecting Bluehost account numbers associated with any of the Numeric Web Accounts.

2. All documents reflecting names, telephone numbers, physical addresses, mailing addresses, and email addresses of the person(s) identified as registrant, administrative, or technical contact for any of the Bluehost accounts identified in Paragraph 1 above.

3. All documents concerning the Bluehost accounts associated with the Numeric Web Accounts, including records reflecting the date the account was created, any registration agreements, the name of the individual(s) or company(ies) associated with each Bluehost account, payments made on each Bluehost account, and the date each Bluehost account was closed.

4. All records concerning customer service inquiries related to the Numeric Web Accounts.

5. All records concerning domains purchased by Bluehost accounts associated with the Numeric Web Accounts.

6. All records concerning domains renewed by Bluehost accounts associated with the Numeric Web Accounts.

7. All records concerning the purchase and/or renewal of the following domains or URLS:

a. [redacted]
b. [redacted]
c. [redacted]
d. [redacted]
e. [redacted]
f. [redacted]
g. [redacted]
h. [redacted]
i. [redacted]
j. [redacted]
k. [redacted]
l. [redacted]
m. [redacted]
n. [redacted]
o. [redacted]
p. [redacted]

q. [redacted]
r. [redacted]

8. All records concerning websites hosted by Bluehost associated with the Numeric Web Accounts.

9. All records concerning any hosting services provided by Bluehost for the following domain names:

a. [redacted]
b. [redacted]
c. [redacted]
d. [redacted]
e. [redacted]
f. [redacted]
g. [redacted]
h. [redacted]
i. [redacted]
j. [redacted]
k. [redacted]
l. [redacted]
m. [redacted]
n. [redacted]
o. [redacted]
p. [redacted]
q. [redacted]
r. [redacted]

10. All records concerning SSL Certificates issued to domains registered by or websites hosted by Bluehost associated with the Numeric Web Accounts.

11. All records concerning any addon domain(s) associated with the Numeric Web Accounts.

12. All records concerning any subdomain(s) associated with the Numeric Web Accounts.

13. All records concerning any parked domain(s) associated with the Numeric Web Accounts.

14. All records concerning website security services or website support services provided by Bluehost for any domain or website hosted by Bluehost associated with the Numeric Web Accounts.

15. All records concerning any website template purchased by the Numeric Web Accounts from Bluehost.

16. All records concerning payment(s) received by Bluehost from the Numeric Web Accounts for any services, including all invoices issued to any person or entity and the bank account and/or credit card account from which any and all payments were made.

17. All records concerning third party applications associated with the Numeric Web Accounts.

18. All records concerning third party merchant accounts associated with the Numeric Web Accounts.

## II. INSTRUCTIONS

A. The singular of any word, phrase, or number includes the plural and the plural includes the singular; the masculine of any word or phrase includes the feminine and the feminine includes the masculine.

B. Documents produced in response to this Subpoena shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this Subpoena.

C. If any documents covered by this Subpoena are withheld under a claim of privilege, please state the basis on which the privilege is claimed, together with the following information as to each such document: name and job title of the author; the name and job title of each identified recipient and each other person to whom the document or a copy thereof was furnished; the date of the document; the subject matter of the document; and the specific paragraph(s) of this Subpoena to which the document is responsive.

D. For each document that was formerly in your possession, custody or control, which would have been responsive to this Subpoena, but which has been destroyed, discarded, or otherwise disposed of, please identify: the person who destroyed,

discarded, or otherwise disposed of such document(s); the time and place such disposition occurred; each person who maintained possession, custody, or control of such document(s) during the document(s)' existence; and each person who ordered or authorized the disposition of each such document(s).

E. Each original document must be produced. Any copy of the document which varies in any way so that it is not identical to the one produced is considered to be a separate document and must be produced separately.

## III. DEFINITIONS

A. "**Person**" includes natural persons, corporations, and all other forms of organization or association, as well as any government or governmental body, commission, board, agency, partnership, joint venture, trust or other form of entity, and any officer, director, partner, employee, agent, personal representative or other person acting or purporting to act on his or its behalf.

B. "**Communications**" shall refer to the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in any form by any and every means.

C. "**Plaintiff**" or "**Defendant**" as well as any party's full or abbreviated name or a pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

D. "**And**" or "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request *all* responses that might otherwise be construed to be outside the scope.

E. "**Date**" encompasses the day, the month, and the year.

F. "**Document**" shall mean any written, printed, typed or photographed material, or other demonstrative material, however produced or reproduced, of any kind or description, whether or not sent or received, including originals, copies and drafts and both sides thereof in your possession, custody or control, or of which you have knowledge. The term, includes, but is not limited to: accounts; affidavits; agendas; agreements; analysis; announcements; appointment books; books; brochures; bulletins; cables; charts; checks; check stubs; commercial paper; compilations; computer print-outs; computer programs; confirmations; contracts; correspondence; data processing papers; data sheets; desk calendars; diagrams; diaries; drafts; evaluations; financial statements; films; graphs; graphic representations of any kind; indexes; instructions; invoices; journals; ledgers; letters; lists; manuals; memoranda; messages; microfilms; microfiche; minutes; motion pictures or other films; notes; notices; notations; outputs; offers; opinions; orders; pamphlets; periodicals; photographs; plans; printings; prospectuses; publications; recording disks or other records of oral communications; reports; records of telephonic or other meetings; receipts;

returns; schedules; sketches; sound recordings; specifications; statements; studies; summaries; surveys; tables; tabulations; tape records; telegrams; telex messages; transcripts; videotapes; wires; working papers. Document is intended to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

G. To "**identify**" a person shall mean to give, to the extent known, the person's full name, present or last-known address and also, when referring to a natural person, the present or last-known place of employment.

H. "To "**identify**" a document shall mean to give, to the extent known, (i) the type of document; (ii) the general subject matter; (iii) the date of the document; and (iv) the author(s), addressee(s), and all recipient(s).

I. "**Concerning**" shall mean and encompass relating to, referring to, describing, evidencing, supporting, and constituting (and all iterations thereof).

J. "**Electronic data and records/storage media**" shall mean all digital or analog electronic files, including deleted files and file fragments, stored in machine-readable format of magnetic, optical or other storage media, including the hard drives or floppy disks used on computers and their backup media *(e.g.,* other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROMs) or otherwise, whether such files have been reduced to paper printouts or not; all e-mails, sent and received, internal and external; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; source codes; object codes; all CAD (computer aided design) files (such as Microsoft Power Point); all graphs; charts; other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal Data Assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based, Pocket PC devices, or USB drives or keys; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files generated at the work station of each employee and/or agent in your client's employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail.

K. "**You**" and "**Your**" shall refer to Bluehost, Inc. and its employees, attorneys, representatives, assigns, agents, managers, managing members, and all other persons acting on Bluehost Inc.'s behalf.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida, Tampa Division

In re Faith Elyzabeth Antonio
Debtor

Case No. 8:20-BK-07637

*(Complete if issued in an adversary proceeding)*

DGP Products Inc., D/B/A Numeric Racing
Plaintiff

Chapter 7

v.

Faith Elyzabeth Antonio
Defendant

Adv. Proc. No. 8:20-ap-00537-CPM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **GoDaddy.com LLC, Compliance Department, 14455 North Hayden Road, Scottsdale, AZ 85260**
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See the attached Schedule "A".

| PLACE | DATE AND TIME |
|---|---|
| The Solomon Law Group, P.A.<br>1881 W Kennedy Blvd, Suite D, Tampa, FL 33606-1611 | January 15, 2021 at 9:00 am |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/16/20

CLERK OF COURT

OR Stanford R Solomon

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* DGP Products Inc, d/b/a Numeric Racing, who issues or requests this subpoena, are:
Stanford R. Solomon, Florida Bar No. 30214, 1881 W Kennedy Blvd, Suite D, Tampa, FL 33606-1611, ssolomon@solomonlaw.com, (813) 225-1818

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Schedule "A"**

## I. DOCUMENTS REQUESTED

This subpoena encompasses all web domains purchased from GoDaddy and all websites hosted by GoDaddy that were active at any time (or times) between **June 1, 2014 and the present** that were created by or associated with the any or all of the following company names, EINs, account holder or manager names, email addresses, or phone numbers:

| | |
|---|---|
| Company Names:<br>DGP Products, Inc.,<br>EIN # [redacted]<br><br>Numeric Racing,<br>EIN # [redacted]<br><br>Tampa Bachelor<br><br>Antonio Associates, LLC,<br>EIN # [redacted] | Phone Numbers:<br>[redacted]9033<br>[redacted]7765<br>[redacted]7182 |
| Account Holder or Manager Names:<br>Daniel Geberth<br>Faith Elyzabeth Antonio<br>Antonio Faith<br>Antonia Faith<br>Faith Lee<br>Elizabeth Martin<br>Elizabeth Lee | Email addresses:<br>faith@[redacted]<br>sales@[redacted]<br>admin@[redacted]<br>dan@[redacted]<br>numeric@[redacted]<br>numeric@[redacted]<br>sracing@[redacted]<br>sracing@[redacted]<br>faithantonio@[redacted]<br>faithantonio40@[redacted]<br>faitheantonio@[redacted]<br>becacw@[redacted] |

These accounts are herein collectively referred to as the "**Numeric Web Accounts**".

1. All documents reflecting GoDaddy account numbers associated with any of the Numeric Web Accounts.

2. All documents reflecting names, telephone numbers, physical addresses, mailing addresses, and email addresses of the person(s) identified as registrant, administrative, or technical contact for any of the GoDaddy accounts identified in Paragraph 1 above.

3. All documents concerning the GoDaddy accounts associated with the Numeric Web Accounts, including records reflecting the date the account was created, any registration agreements, the name of the individual(s) or company(ies) associated with each GoDaddy account, payments made on each GoDaddy account, and the date each GoDaddy account was closed.

4. All records concerning customer service inquiries related to the Numeric Web Accounts.

5. All records concerning domains purchased by GoDaddy accounts associated with the Numeric Web Accounts.

6. All records concerning domains renewed by GoDaddy accounts associated with the Numeric Web Accounts.

7. All records concerning the purchase and/or renewal of the following domains or URLS:

a. [redacted]
b. [redacted]
c. [redacted]
d. [redacted]
e. [redacted]
f. [redacted]
g. [redacted]
h. [redacted]
i. [redacted]
j. [redacted]
k. [redacted]
l. [redacted]
m. [redacted]
n. [redacted]
o. [redacted]
p. [redacted]

q. [redacted]
r. [redacted]

8. All records concerning websites hosted by GoDaddy associated with the Numeric Web Accounts.

9. All records concerning any hosting services provided by GoDaddy for the following domain names:

a. [redacted]
b. [redacted]
c. [redacted]
d. [redacted]
e. [redacted]
f. [redacted]
g. [redacted]
h. [redacted]
i. [redacted]
j. [redacted]
k. [redacted]
l. [redacted]
m. [redacted]
n. [redacted]
o. [redacted]
p. [redacted]
q. [redacted]
r. [redacted]

10. All records concerning SSL Certificates issued to domains registered by or websites hosted by GoDaddy associated with the Numeric Web Accounts.

11. All records concerning any addon domain(s) associated with the Numeric Web Accounts.

12. All records concerning any subdomain(s) associated with the Numeric Web Accounts.

13. All records concerning any parked domain(s) associated with the Numeric Web Accounts.

14. All records concerning website security services or website support services provided by GoDaddy for any domain or website hosted by GoDaddy associated with the Numeric Web Accounts.

15. All records concerning any website template purchased by the Numeric Web Accounts from GoDaddy.

16. All records concerning payment(s) received by GoDaddy from the Numeric Web Accounts for any services, including all invoices issued to any person or entity and the bank account and/or credit card account from which any and all payments were made.

17. All records concerning third party applications associated with the Numeric Web Accounts.

18. All records concerning third party merchant accounts associated with the Numeric Web Accounts.

## II. <u>INSTRUCTIONS</u>

A. The singular of any word, phrase, or number includes the plural and the plural includes the singular; the masculine of any word or phrase includes the feminine and the feminine includes the masculine.

B. Documents produced in response to this Subpoena shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this Subpoena.

C. If any documents covered by this Subpoena are withheld under a claim of privilege, please state the basis on which the privilege is claimed, together with the following information as to each such document: name and job title of the author; the name and job title of each identified recipient and each other person to whom the document or a copy thereof was furnished; the date of the document; the subject matter of the document; and the specific paragraph(s) of this Subpoena to which the document is responsive.

D. For each document that was formerly in your possession, custody or control, which would have been responsive to this Subpoena, but which has been destroyed, discarded, or otherwise disposed of, please identify: the person who destroyed,

discarded, or otherwise disposed of such document(s); the time and place such disposition occurred; each person who maintained possession, custody, or control of such document(s) during the document(s)' existence; and each person who ordered or authorized the disposition of each such document(s).

E. Each original document must be produced. Any copy of the document which varies in any way so that it is not identical to the one produced is considered to be a separate document and must be produced separately.

## III. <u>DEFINITIONS</u>

A. "**Person**" includes natural persons, corporations, and all other forms of organization or association, as well as any government or governmental body, commission, board, agency, partnership, joint venture, trust or other form of entity, and any officer, director, partner, employee, agent, personal representative or other person acting or purporting to act on his or its behalf.

B. "**Communications**" shall refer to the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in any form by any and every means.

C. "**Plaintiff**" or "**Defendant**" as well as any party's full or abbreviated name or a pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

D. "**And**" or "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request *all* responses that might otherwise be construed to be outside the scope.

E. "**Date**" encompasses the day, the month, and the year.

F. "**Document**" shall mean any written, printed, typed or photographed material, or other demonstrative material, however produced or reproduced, of any kind or description, whether or not sent or received, including originals, copies and drafts and both sides thereof in your possession, custody or control, or of which you have knowledge. The term, includes, but is not limited to: accounts; affidavits; agendas; agreements; analysis; announcements; appointment books; books; brochures; bulletins; cables; charts; checks; check stubs; commercial paper; compilations; computer print-outs; computer programs; confirmations; contracts; correspondence; data processing papers; data sheets; desk calendars; diagrams; diaries; drafts; evaluations; financial statements; films; graphs; graphic representations of any kind; indexes; instructions; invoices; journals; ledgers; letters; lists; manuals; memoranda; messages; microfilms; microfiche; minutes; motion pictures or other films; notes; notices; notations; outputs; offers; opinions; orders; pamphlets; periodicals; photographs; plans; printings; prospectuses; publications; recording disks or other records of oral communications; reports; records of telephonic or other meetings; receipts;

returns; schedules; sketches; sound recordings; specifications; statements; studies; summaries; surveys; tables; tabulations; tape records; telegrams; telex messages; transcripts; videotapes; wires; working papers. Document is intended to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

G. To "**identify**" a person shall mean to give, to the extent known, the person's full name, present or last-known address and also, when referring to a natural person, the present or last-known place of employment.

H. "To "**identify**" a document shall mean to give, to the extent known, (i) the type of document; (ii) the general subject matter; (iii) the date of the document; and (iv) the author(s), addressee(s), and all recipient(s).

I. "**Concerning**" shall mean and encompass relating to, referring to, describing, evidencing, supporting, and constituting (and all iterations thereof).

J. "**Electronic data and records/storage media**" shall mean all digital or analog electronic files, including deleted files and file fragments, stored in machine-readable format of magnetic, optical or other storage media, including the hard drives or floppy disks used on computers and their backup media *(e.g.,* other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROMs) or otherwise, whether such files have been reduced to paper printouts or not; all e-mails, sent and received, internal and external; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; source codes; object codes; all CAD (computer aided design) files (such as Microsoft Power Point); all graphs; charts; other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal Data Assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based, Pocket PC devices, or USB drives or keys; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files generated at the work station of each employee and/or agent in your client's employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail.

K. "**You**" and "**Your**" shall refer to GoDaddy.com LLC and its employees, attorneys, representatives, assigns, agents, managers, managing members, and all other persons acting on GoDaddy.com LLC's behalf.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida, Tampa Division

In re Faith Elyzabeth Antonio
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 8:20-BK-07637

DGP Products Inc., D/B/A Numeric Racing
Plaintiff

v.

Faith Elyzabeth Antonio
Defendant

Chapter 7

Adv. Proc. No. 8:20-ap-00537-CPM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **IONOS Inc., c/o Legal Compliance, 701 Lee Road, Suite 300, Chesterbrook, PA 19087**
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See the attached Schedule "A".

| PLACE | DATE AND TIME |
|---|---|
| The Solomon Law Group, P.A.<br>1881 W Kennedy Blvd, Suite D, Tampa, FL 33606-1611 | January 15, 2021 at 9:00 am |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/16/20

CLERK OF COURT

_________________________
*Signature of Clerk or Deputy Clerk*

OR [signature]
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* DGP Products Inc, d/b/a Numeric Racing, who issues or requests this subpoena, are:
Stanford R. Solomon, Florida Bar No. 30214, 1881 W Kennedy Blvd, Suite D, Tampa, FL 33606-1611, ssolomon@solomonlaw.com, (813) 225-1818

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Schedule "A"**

## I. DOCUMENTS REQUESTED

This subpoena encompasses all web domains purchased from IONOS and all websites hosted by IONOS that were active at any time (or times) between **June 1, 2014 and the present** that were created by or associated with the any or all of the following company names, EINs, account holder or manager names, email addresses, or phone numbers:

| | |
|---|---|
| Company Names:<br>DGP Products, Inc.,<br>EIN # [redacted]<br><br>Numeric Racing,<br>EIN # [redacted]<br><br>Tampa Bachelor<br><br>Antonio Associates, LLC,<br>EIN # [redacted] | Phone Numbers:<br>[redacted]9033<br>[redacted]7765<br>[redacted]7182 |
| Account Holder or Manager Names:<br>Daniel Geberth<br>Faith Elyzabeth Antonio<br>Antonio Faith<br>Antonia Faith<br>Faith Lee<br>Elizabeth Martin<br>Elizabeth Lee | Email addresses:<br>faith@[redacted]<br>sales@[redacted]<br>admin@[redacted]<br>dan@[redacted]<br>numeric@[redacted]<br>numeric@[redacted]<br>sracing@[redacted]<br>sracing@[redacted]<br>faithantonio@[redacted]<br>faithantonio40@[redacted]<br>faitheantonio@[redacted]<br>becacw@[redacted] |

These accounts are herein collectively referred to as the "**Numeric Web Accounts**".

1. All documents reflecting IONOS account numbers associated with any of the Numeric Web Accounts.

2. All documents reflecting names, telephone numbers, physical addresses, mailing addresses, and email addresses of the person(s) identified as registrant, administrative, or technical contact for any of the IONOS accounts identified in Paragraph 1 above.

3. All documents concerning the IONOS accounts associated with the Numeric Web Accounts, including records reflecting the date the account was created, any registration agreements, the name of the individual(s) or company(ies) associated with each IONOS account, payments made on each IONOS account, and the date each IONOS account was closed.

4. All records concerning customer service inquiries related to the Numeric Web Accounts.

5. All records concerning domains purchased by IONOS accounts associated with the Numeric Web Accounts.

6. All records concerning domains renewed by IONOS accounts associated with the Numeric Web Accounts.

7. All records concerning the purchase and/or renewal of the following domains or URLS:

a. [redacted]
b. [redacted]
c. [redacted]
d. [redacted]
e. [redacted]
f. [redacted]
g. [redacted]
h. [redacted]
i. [redacted]
j. [redacted]
k. [redacted]
l. [redacted]
m. [redacted]
n. [redacted]
o. [redacted]
p. [redacted]

q. [redacted]
r. [redacted]

8. All records concerning websites hosted by IONOS associated with the Numeric Web Accounts.

9. All records concerning any hosting services provided by IONOS for the following domain names:

a. [redacted]
b. [redacted]
c. [redacted]
d. [redacted]
e. [redacted]
f. [redacted]
g. [redacted]
h. [redacted]
i. [redacted]
j. [redacted]
k. [redacted]
l. [redacted]
m. [redacted]
n. [redacted]
o. [redacted]
p. [redacted]
q. [redacted]
r. [redacted]

10. All records concerning SSL Certificates issued to domains registered by or websites hosted by IONOS associated with the Numeric Web Accounts.

11. All records concerning any addon domain(s) associated with the Numeric Web Accounts.

12. All records concerning any subdomain(s) associated with the Numeric Web Accounts.

13. All records concerning any parked domain(s) associated with the Numeric Web Accounts.

14. All records concerning website security services or website support services provided by IONOS for any domain or website hosted by IONOS associated with the Numeric Web Accounts.

15. All records concerning any website template purchased by the Numeric Web Accounts from IONOS.

16. All records concerning payment(s) received by IONOS from the Numeric Web Accounts for any services, including all invoices issued to any person or entity and the bank account and/or credit card account from which any and all payments were made.

17. All records concerning third party applications associated with the Numeric Web Accounts.

18. All records concerning third party merchant accounts associated with the Numeric Web Accounts.

## II. INSTRUCTIONS

A. The singular of any word, phrase, or number includes the plural and the plural includes the singular; the masculine of any word or phrase includes the feminine and the feminine includes the masculine.

B. Documents produced in response to this Subpoena shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this Subpoena.

C. If any documents covered by this Subpoena are withheld under a claim of privilege, please state the basis on which the privilege is claimed, together with the following information as to each such document: name and job title of the author; the name and job title of each identified recipient and each other person to whom the document or a copy thereof was furnished; the date of the document; the subject matter of the document; and the specific paragraph(s) of this Subpoena to which the document is responsive.

D. For each document that was formerly in your possession, custody or control, which would have been responsive to this Subpoena, but which has been destroyed, discarded, or otherwise disposed of, please identify: the person who destroyed,

discarded, or otherwise disposed of such document(s); the time and place such disposition occurred; each person who maintained possession, custody, or control of such document(s) during the document(s)' existence; and each person who ordered or authorized the disposition of each such document(s).

E. Each original document must be produced. Any copy of the document which varies in any way so that it is not identical to the one produced is considered to be a separate document and must be produced separately.

## III. DEFINITIONS

A. "**Person**" includes natural persons, corporations, and all other forms of organization or association, as well as any government or governmental body, commission, board, agency, partnership, joint venture, trust or other form of entity, and any officer, director, partner, employee, agent, personal representative or other person acting or purporting to act on his or its behalf.

B. "**Communications**" shall refer to the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in any form by any and every means.

C. "**Plaintiff**" or "**Defendant**" as well as any party's full or abbreviated name or a pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

D. "**And**" or "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request *all* responses that might otherwise be construed to be outside the scope.

E. "**Date**" encompasses the day, the month, and the year.

F. "**Document**" shall mean any written, printed, typed or photographed material, or other demonstrative material, however produced or reproduced, of any kind or description, whether or not sent or received, including originals, copies and drafts and both sides thereof in your possession, custody or control, or of which you have knowledge. The term, includes, but is not limited to: accounts; affidavits; agendas; agreements; analysis; announcements; appointment books; books; brochures; bulletins; cables; charts; checks; check stubs; commercial paper; compilations; computer print-outs; computer programs; confirmations; contracts; correspondence; data processing papers; data sheets; desk calendars; diagrams; diaries; drafts; evaluations; financial statements; films; graphs; graphic representations of any kind; indexes; instructions; invoices; journals; ledgers; letters; lists; manuals; memoranda; messages; microfilms; microfiche; minutes; motion pictures or other films; notes; notices; notations; outputs; offers; opinions; orders; pamphlets; periodicals; photographs; plans; printings; prospectuses; publications; recording disks or other records of oral communications; reports; records of telephonic or other meetings; receipts;

returns; schedules; sketches; sound recordings; specifications; statements; studies; summaries; surveys; tables; tabulations; tape records; telegrams; telex messages; transcripts; videotapes; wires; working papers. Document is intended to be synonymous in meaning and equal in scope to the usage of the term “documents or electronically stored information” in Federal Rule of Civil Procedure 34(a)(1)(A).

G. To “**identify**” a person shall mean to give, to the extent known, the person’s full name, present or last-known address and also, when referring to a natural person, the present or last-known place of employment.

H. “To “**identify**” a document shall mean to give, to the extent known, (i) the type of document; (ii) the general subject matter; (iii) the date of the document; and (iv) the author(s), addressee(s), and all recipient(s).

I. “**Concerning**” shall mean and encompass relating to, referring to, describing, evidencing, supporting, and constituting (and all iterations thereof).

J. “**Electronic data and records/storage media**” shall mean all digital or analog electronic files, including deleted files and file fragments, stored in machine-readable format of magnetic, optical or other storage media, including the hard drives or floppy disks used on computers and their backup media *(e.g.,* other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROMs) or otherwise, whether such files have been reduced to paper printouts or not; all e-mails, sent and received, internal and external; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; source codes; object codes; all CAD (computer aided design) files (such as Microsoft Power Point); all graphs; charts; other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal Data Assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based, Pocket PC devices, or USB drives or keys; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files generated at the work station of each employee and/or agent in your client's employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail.

K. “**You**” and “**Your**” shall refer to IONOS Inc. and its employees, attorneys, representatives, assigns, agents, managers, managing members, and all other persons acting on IONOS Inc.’s behalf.